# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARD ZAVALUNOV, | Civil No. 3:20-cv-2262 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN OF CLINTON COUNTY CORRECTIONAL FACILITY, et al., | |
| Respondents | |

## MEMORANDUM

## I. Background

On November 27, 2020, Petitioner Eduard Zavalunov ("Zavalunov"), a native and citizen of Tajikistan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Zavalunov requested a bond hearing or release from custody. (Id. at p. 4). Respondent has filed a pleading which suggests that this case is now moot since Zavalunov was released on bond on May 6, 2021. (Doc. 13; see also Doc. 13-1, Order of the Immigration Judge).

In an effort to ascertain the custodial status of Zavalunov, the Court accessed the ICE Online Detainee Locator System, which revealed no matches for detainee Eduard

Zavalunov.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Zavalunov's continued detention pending removal. (*See* Doc. 1). In light of the action recently taken by immigration officials, releasing Zavalunov on bond, this case is now moot and will be dismissed. *See Sanchez v.*

---

[1] Upon entering Zavalunov's alien registration number, A100005876, and his country of birth, Tajikistan, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

*Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released on bond). Further, Zavalunov has received the relief he sought, namely, "immediate release, or in the alternative bond." (Doc. 1, p. 4). *See Nunes v. Decker*, 480 F. App'x 173 (3d Cir. 2012) (ruling that conditional release pending removal rendered the habeas petition moot). Consequently, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 7, 2021